# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40860
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL RODRIGUEZ, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1279-2

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Manuel Rodriguez, III, appeals the sentence imposed following his guilty plea convictions for conspiracy to import five or more kilograms of cocaine and importation of five kilograms or more of cocaine. He was sentenced to an 87-month term of imprisonment and a four-year term of supervised release. On appeal, Rodriguez argues that the district court erred by applying a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence enhancement pursuant to U.S.S.G. § 3B1.4 based on a finding that he used his two minor children to assist in avoiding detection of the offense.

Section 3B1.4 provides for a two-level sentence enhancement, "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense . . . ." § 3B1.4. We review the determination that a defendant used or attempted to use a minor to assist in avoiding detection de novo and findings of fact supporting that determination for clear error. *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010).

A § 3B1.4 enhancement applies "when a defendant 'makes a decision to bring a minor along during the commission of a previously planned crime as a diversionary tactic or in an effort to reduce suspicion . . . .'" *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (quoting *Mata*, 624 F.3d at 175). "To trigger the enhancement, a defendant must take *some affirmative action* to involve the minor in the offense because the mere presence of a minor at the scene of the crime is insufficient." *Powell*, 732 F.3d at 380 (internal quotation marks and citation omitted). "When a defendant's crime is previously planned --when, for example, she leaves the house knowing she is on her way to smuggle drugs . . . the act of bringing the child along instead of leaving the child behind is an affirmative act" involving the minor. *Mata*, 624 F.3d at 176.

In this case, circumstantial evidence beyond mere presence supports a finding that Rodriguez used his two minor children to avoid detection of the offense. *See id*. First, this was not a spur-of-the-moment crime. *See id*. at 177 & n.33. Rather, Rodriguez knew he would be transporting drugs across the border before he committed the crime. A few days before the offense, Rodriguez and his common law wife left their Mazda CX-7 in Nuevo Laredo, Mexico. A day after being notified that their car was ready, the couple and their two

minor children returned to Nuevo Laredo to retrieve their car laden with drugs. Second, Rodriguez had available alternative child care at the time of the offense. Rodriguez admitted that a friend in San Antonio cared for his two older children, ages five and six, during his drug smuggling trip. As in *Mata*, the district court found that Rodriguez could have left his two younger children with the person who was caring for his two older children. *Id.* at 177.

Given the foregoing, the district court did not err in applying the § 3B1.4 enhancement. Accordingly, the judgment of the district court is AFFIRMED.